**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JORGE CASAS**

**v.**
                                                    **Civil Action No. 2:14cv88**
                                                    **(Judge Bailey)**
**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 17, 2014, Jorge Casas ("Petitioner") filed a *pro se* Petition for Habeas

Corpus Pursuant to 28 U.S.C. § 2241. On January 22, 2015, the Petitioner paid the $5.00 filing

fee. The Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of

his sentence imposed in the United States District Court for the District of Hawaii. This matter

is now pending before the undersigned for a Report and Recommendation pursuant to LR PL

P 2.

### II. FACTS[1]

On June 6, 2001, the grand jury returned a twenty-count Second Superceding Indictment

against the Petitioner. The Petitioner was charged as follows:

**Count 1**: conspiracy to distribute and possess with intent to distribute cocaine, heroin,

crystal methamphetamine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846;

**Counts 3, 4, 7, 8, 10, 13, 15-20**: use of a telephone to facilitate the possession with

intent to distribute cocaine, heroin, crystal methamphetamine, and marijuana in violation of 21

U.S.C. § 843(b);

---

[1]The facts are taken from the Petitioner's criminal case number 1:00-cr-00184-HG, District of
Hawaii. Unless otherwise noted, the ECF entries in this section refer to that criminal case.

**Count 11**: possession with intent to distribute 50 grams or more of crystal methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2;

**Count 14**: aiding and abetting in the possession with intent to distribute 5000 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. ECF No. 323.

On August 17, 2006, following an eight-day jury trial, the Petitioner was found guilty as to all Counts, except Count 16, one of the charges for use of a telephone to facilitate drug possession with intent to distribute. ECF Nos. 752, 754-56. On June 29, 2007, the Petitioner was sentenced to 200 months imprisonment as to Counts 1, 11, and 14. The Petitioner was sentenced to 48 months imprisonment as to Counts 3, 4, 7, 8, 10, 13, 15, 17, 18, 19, and 20, with all sentences to be served concurrently for a total sentence of 200 months.[2] ECF No. 835 at 3.

On July 3, 2007, the Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Ninth Circuit. ECF No. 831. On January 18, 2008, Appellate Counsel filed a brief finding no meritorious issues for review. The Petitioner filed a *pro se* supplemental brief and answering brief. ECF No. 875. The Court of Appeals then conducted an independent review of the record and concluded that there were three potentially arguable issues for direct appeal: (1) Was there sufficient evidence to support all the 21 U.S.C. § 843(b) convictions; (2) did the district court err when its jury instruction for all of the 21 U.S.C. § 843(b) counts instructed the jury to convict if the jury found the Petitioner knowingly had used the telephone to facilitate the conspiracy as charged in Count One of the superseding indictment rather than instructing the jurors to determine whether he had knowingly facilitated the different offenses as set for in the second superceding indictment; and (3) should the descriptions of the

---

[2]The Petitioner's current projected release date is November 7, 2019. See www.bop.gov.

section 843(b) convictions in the judgments be corrected to accurately reflect the charges and convictions instead of all stating that the Petitioner was convicted of "use of a telephone to facilitate the distribution of controlled substances?" Id. at 1-2. On July 20, 2011, the Ninth Circuit Court of Appeals affirmed the Petitioner's judgment and conviction. ECF No. 910.

On December 10, 2012, the Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. ECF No. 917. Grounds One through Seven alleged claims related to the District Court proceedings prior to trial, at trial, and at sentencing. Grounds Eight through Thirteen related to the Petitioner's direct appeal. On November 25, 2013, the District Court denied the Petitioner's Motion to Vacate. ECF No. 935-1. On June 24, 2014, the Ninth Circuit Court of Appeals denied the Petitioner a Certificate of Appealability. Case No. 14-15854, Dckt. No. 3.

Thereafter, the Petitioner filed a *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. At the time of his original sentencing, the Petitioner had a criminal history category of II and a total offense level of 38 for a guideline range of 262 to 327 months. The Petitioner's imposed sentence of 200 months was below his advisory guidelines. Amendment 782 lowered the base offense level applicable to Defendant by two levels. Accordingly, the Petitioner had a total offense level of 36 for an amended guideline range of 210 to 262 months. Because the Court was unable to reduce the Petitioner's sentence below the minimum term provided by the amended guideline range pursuant to U.S.S.G. § B1.10(b)(2)(A), and the Petitioner's previously imposed sentence was already below the amended guideline range, his motion for a reduction in sentence was denied on June 30, 2015. ECF No. 956. The Petitioner's appeal to the Ninth Circuit Court of Appeals was denied on October 6, 2015, for failure to prosecute. ECF No. 963.

## III. CLAIMS PRESENTED

In his pending 2241 petition, the Petitioner alleges that "he is factually innocent of the predicate crimes that the sentencing court[] misused and misapplied to enhance his instant federal sentence beyond what his statutory guideline sentencing range should otherwise been calculated at." ECF No. 1-1 at 2. More specifically, the Petitioner alleges that his criminal history category of II was improperly calculated using two misdemeanor convictions for "'selling tickets that he was unauthorized to sell' – two petty misdemeanor offenses that never suppose [sic] to have been have been counted against his criminal history score for enhancement purposes." ECF No. 1-1 at 20. In addition, he alleges that he is factually innocent of the four level enhancement pursuant to U.S.S.G. § 3B1.1(a) as an organizer or leader of criminal activity that involved five or more participants. ECF No. 2 at 3. For relief, the Petitioner requests that the court correct the sentencing errors and enter a new sentencing order for his convictions under 21 U.S.C. §§ 841(a), 843, and 846 without the invalid applications of both U.S.S.G. §§ 3B1.1 and 4A1.2(c)(2). ECF No. 1-1 at 27-28.

## IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254. As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted

by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## V. ANALYSIS

It is well established that challenges to a conviction or sentence validity are properly brought pursuant to 28 U.S.C. § 2255. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court." Id.

In limited circumstances, when § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194 n. 5; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is

'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

In the Fourth Circuit, a petitioner may establish that "section 2255 is inadequate or ineffective to test the legality of a conviction" if he can prove

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[3]

Id. at 333-34. Jones requires that, in order to use § 2241 to challenge detention, a federal prisoner must have "had no opportunity to utilize a § 2255 motion to take advantage of a change in applicable law." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

The Petitioner has not established that § 2255 is an inadequate or ineffective remedy. See 28 U.S.C. § 2255(e). In the Fourth Circuit, a petitioner asserting "actual innocence" pursuant to § 2241 must establish, among other things, that "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Jones, 226 F.3d at 334. Even assuming that the Petitioner could meet the other requirements articulated in

---

[3]The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

<u>Jones</u>, he cannot establish, nor has he argued, that the substantive law has changed such that his conduct would not presently subject him to the same conviction for conspiracy to distribute and possess with intent to distribute cocaine, heroin, crystal methamphetamine, and marijuana and related offenses. <u>Id.</u> Instead, the Petitioner bases his claim for relief on his assertion that he is actually innocent of sentencing enhancements that were imposed pursuant to the sentencing guidelines.

Even assuming that he may attack his sentence under § 2241[4], the Petitioner has fallen short of proving actual innocence of any sentencing enhancement or an unobstructed opportunity to challenge his sentence on direct appeal or in his § 2255 filed in the District of Hawaii.

The Petitioner first alleges that his sentence was improperly enhanced when his criminal history category was established as a II pursuant to U.S.S.G. § 4A1.2(c)(2) based on what he describes as "two prior petty victimless misdemeanor offenses." ECF No. 1-1 at 20. The Petitioner apparently has two California misdemeanor convictions for violating California Penal Code § 483 which provides as follows:

> Except as otherwise provided in Section 26002.5 of the Government Code and Sections 40180.5 of the Public Utilities Code, any person, firm, corporation, partnership, or association that shall sell to another any ticket, pass, scrip, mileage or commutation book, coupon, or other instrument for passage on

---

[4]Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." <u>Petty v. O'Brien</u>, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing <u>United States v. Poole</u>, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. <u>Darden v. Stephens</u>, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). However, the Fourth Circuit Court of Appeals has been considering the issue of whether a § 2241 petition may be used to challenge a sentence, but it appears that any decision may be limited to alleged errors in interpreting statutory mandatory minimum sentencing provisions. <u>See</u> <u>United States v. Surratt</u>, 797 F.3d 240 (4th Cir. 2015), reh'g granted.

a common carrier, for the use of any person not entitled to use the same according to the terms thereof or of the book or portion thereof for which it was detached, shall be guilty of a misdemeanor

The Petitioner argues that these convictions should not have been counted based on U.S.S.G. § 4A1.2(c)(2) which provides that sentences for the following offenses and offenses similar to them, by whatever name they are known, are never counted: Hitchhiking, Juvenile status offenses and truancy, Loitering, Minor traffic infractions (e.g. speeding) Public Intoxication and Vagrancy. The Petitioner further alleges this section of the guidelines was amended effective November 1, 2007, after he was sentenced. In fact the Application Notes for Subsection (c) in the 2008 Guidelines read as follows:

> A. In General – In determining whether an unlisted offense is similar to an offense listed in subdivision (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (I) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a liklihood of recurring criminal conduct.

While Amendment 709 was not effective until November 1, 2007, approximately four months after he was sentenced, it was in effect when the Petitioner filed his appeal and his § 2255, and therefore, the Petitioner had the opportunity to challenge his criminal history score using the same arguments he tenders here. Moreover, given that this Court finds, as discussed more fully below, that the Petitioner's arguments regarding his leadership enhancement under U.S.S.G. § 3B1.1(a) are foreclosed, any potential error in his criminal history was harmless. With a criminal history of II and a offense level of 38, the guideline range would be 235-293, and his sentence of 200 months would still be below the guideline range.

The undersigned now turns to the Petitioner's assertion that the sentencing court improperly applied the leadership sentencing enhancement. U.S.S.G. § 3B1.1(a) provides that a defendant's offense level should be increased four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise excessive." "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. U.S.S.G. § 3B1.1 cmt. app. n.2 (2007). Factors that the court should consider include "the exercise of decision making authority, the nature of the participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1 cmt. app. n.4 (2007). Under Ninth Circuit precedent, "[f]or a four-point upward adjustment to be appropriate, a preponderance of the evidence must support a finding that the defendant was an organizer or leader, 'not merely that the defendant was more culpable than others who participated in the crime.'" United States v. Rivera, 527 F.3d 908 (9th Cir. 2008) (quoting United States v. Avila, 95 F.3d 887, 889 (9th Cir. 1996)). In support of his claim that he is factually innocent of the § 3B1.1(a) enhancement, the Petitioner argues that the district court ignored the testimony of the government's star witness, Felipe Ruiz, through his entire trial testimony. More specifically, the Petitioner alleges that the district court judge "ignored the clear and convincing facts, that 'Felipe Ruiz' gave not one, but rather several contradictory testimonies, as to who the true Organizer and Leader  was of the criminal activity that he and the petitioner (Jorge Casas) were involved in." ECF No. 1-1 at 13. Moreover, the Petitioner alleges that Mr. Ruiz made it perfectly clear that he would do anything or say anything that the government wanted him to say including falsely accusing

9

[the Petitioner] as the leader and organizer of the criminal activity that he himself led and organized.

Clearly, the Petitioner's critique of the testimony of Mr. Ruiz falls far short of establishing actual innocence. Moreover, the Petitioner raised the § 3B1.1(a) enhancement in his direct appeal and in his § 2255. As noted by the Court's opinion denying his § 2255, "[t]he leadership enhancement claim is barred by the Ninth Circuit Appellate Court's ruling issued on July 20, 2001. The Appellate Court, in analyzing Petitioner's claim that the trial judge failed to recuse herself, explicitly determined that the adoption of the four-level leadership enhancement was appropriate." See 1:00-cr-184, ECF No. 935-1 at 39 (District of Hawaii 11/25/2013). Accordingly, the Petitioner was barred from re-litigating a claim that was characterized differently in his § 2255 motion.

In summary, the undersigned finds that the Petitioner has failed to meet his burden to establish that the § 2255 remedy is an inadequate or ineffective remedy to challenge his guideline sentence. Accordingly, he has improperly filed a § 2241 petition.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such

recommendations. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

 The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

 DATED: April 14, 2017

       */s Michael John Aloi*

       MICHAEL JOHN ALOI
       UNITED STATES MAGISTRATE JUDGE